UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JONATHAN NAUGLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01943 ERW |
| ) | |
| DOLLAR GENERAL, INC., and ) | |
| DOLGENCORP, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants' Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) [doc. #11].

**I.    BACKGROUND**

In his *pro se* Complaint, Plaintiff Jonathan Naugles ("Plaintiff") alleges that he was hired by Defendants Dollar General, Inc. and Dolgencorp, Inc. (collectively, "Defendants"), as a stock clerk in a Dollar General store, after an interview on September 12, 2008. Plaintiff further alleges that he worked at the store for the first time on September 23, 2008. He then alleges that on September 24, 2008, the store called Plaintiff to come in, and when he got there he was fired by a human relations representative and the store manager. While Plaintiff does not explicitly claim that he was told he was being fired because of his criminal record, it is implied by his overall claims, and it is the reason given for his termination by Defendants in their Motion for Partial Dismissal. Plaintiff indicates that he informed Defendants of his criminal record, both on his

application and in person, and that they also should have known that he had a criminal record because he was referred by Employment Connection.[1]

On December 15, 2008, Plaintiff filed the present *pro se* lawsuit against Defendants, alleging, in part, that Defendants violated the Second Chance Act of 2007 when Plaintiff was fired. On February 11, 2009, Defendants filed the pending Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), a court must take all facts alleged in the complaint to be true and must construe pleadings in the light most favorable to the Plaintiff. *Chambers v. St. Louis County*, 247 F.App'x 846, 848 (8th Cir. 2007) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

While a plaintiff does not have to "set out *in detail* the facts upon which he bases his claim, [Federal Rule of Civil Procedure] 8(a)(2) requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 n.3 (2007) (emphasis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

---

[1] According to its website, "Employment Connection's mission is to assist individuals with limited opportunities to self-sufficiency through employment." While Employment Connection now assists all individuals who have difficulty finding employment, the organization originally focused on ex-offenders and recovering substance abusers. In 2007, Employment Connection established Project ReConnect to serve prisoners who have been released.

between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). The factual allegations contained in the pleading must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff must demonstrate his or her entitlement to relief, and "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

This Court also recognizes that *pro se* pleadings are to be "interpreted liberally and . . . should be construed to encompass any allegation stating federal relief." *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976). "However, a '*pro se* pleading is not a magic hat out of which a court may pull any claim it thinks should have been advanced.'" *Bossch v. F.D.I.C.*, 2009 WL 1444205, at *1 n.2 (E.D. Mo. May 21, 2009) (quoting *Bracken v. Dormire*, 247 F.3d 699, 705 (8th Cir. 2001) (Arnold, J., dissenting)).

## III. DISCUSSION

The Court finds that Defendants cannot be held liable under the Second Chance Act of 2007: Community Safety Through Recidivism Prevention ("the Act"), Pub. L. No. 110-199, 122 Stat. 657 (codified as amended in scattered sections of 18 U.S.C. and 42 U.S.C.).

While the Eighth Circuit has recognized that the Act is a "new wind that is refreshingly blowing into the correctional systems in this country," *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring), this Court is not aware of any court that has found

that the Act creates a cause of action concerning employment.  Moreover, the provisions of the Act were designed

> (4) to protect the public and promote law-abiding conduct by providing necessary services to offenders, while the offenders are incarcerated and after reentry into the community . . . (5) to assist offenders reentering the community from incarceration to establish a self-sustaining and law-abiding life by providing sufficient transitional services . . .  and (6) to provide offenders in prisons, jails or juvenile facilities with educational, literacy, vocational, and job placement services to facilitate re-entry into the community.

Pub. L. No. 110-199, § 3(a)(4)-(6), 122 Stat. 657, 658.  However, the provisions of the Act were not intended to "confer luxuries or privileges upon such offenders." *Id*. § 3(a)(4).  Modifying employment law to create a wrongful discharge cause of action for persons with a criminal history would be a such a privilege.  In addition, the bulk of the Act pertains to the compliance with processes and guidelines of local entities receiving grants under the Act.  Nowhere in the Act are promises made to offenders or new rules placed on employers that suggest a change in current employment law that would grant a privilege to offenders requiring companies to employ them.

No matter what facts Plaintiff presents, no cause of action is appropriate under the Second Chance Act of 2007.  Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, and, thus, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismisses his claims under the Second Chance Act of 2007.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) [doc. #11] is **GRANTED.** Plaintiff's claims under the Second Chance Act of 2007 are **DISMISSED**, **with prejudice**.

Dated this 30th Day of July, 2009.

                                                                                      _E. Richard Webber_
                                                                                      E. RICHARD WEBBER
                                                                                      UNITED STATES DISTRICT JUDGE